### LAMBERT PHARMACAL CO. v. LISTERATED CO. et al.

District Court, S. D. Texas, at Houston. January 16, 1928.

No. 318.

1. **Trade-marks and trade-names and unfair competition ⬅59(5)—Owner of trade-mark "Listerine" could not be deprived of its right to sell product in particular form and combination by another's sale of product containing listerine under similar name.**

Company, selling product as antiseptic and cleanser under trade-mark of Listerine, had right to put out its product in such form and such combination as it might decide, and could not be deprived of this right by another's use of listerine in compounding product sold under similar name.

2. **Trade-marks and trade-names and unfair competition ⬅59(5)—Sale under name "Listerated" of hair tonic containing similar ingredients to listerine and small amount of listerine held infringement of trade-mark "Listerine."**

Sale to general supply houses and public of liquid hair tonic and dandruff remedy under name "Listerated" *held* to infringe on trade-mark "Listerine," used by plaintiff company in sell-

ing antiseptic and cleanser for hair and scalp, where imitation product contained very similar ingredients; and liability was not avoided by fact that some listerine was used in "Listerated" preparation, especially where amount used was infinitesimal.

In Equity. Suit by the Lambert Pharmacal Company against the Listerated Company and others for injunction and damages, based on infringement of trade-mark. Decree for plaintiff.

William Fraser Small and William Keane Small, both of St. Louis, Mo. (Walter H. Walne and Baker, Botts, Parker & Garwood, all of Houston, Tex., of counsel), for plaintiff.

Andrews, Streetman, Logue & Mobley, of Houston, Tex. (Jesse R. Stone, of Houston, Tex., of counsel), for defendants.

HUTCHESON, District Judge. This is a suit by the Lambert Pharmacal Company, alleging infringement of its trade-mark "Listerine," which it pleads it has used and enjoyed since 1881, under registration in the United States Patent Office, and by actual user of its preparation; that among the uses for which the product designated by the trade-mark has been sold and advertised are as a prophylactic antiseptic and cleanser in certain conditions of the hair and scalp; that such use of it among barbers, cosmeticians, and others has been widespread and general; that since about April 1, 1927, the defendants have been continuously selling, and are now selling, to the general supply houses and the general public a liquid hair tonic and dandruff remedy, under the distinguishing name "Listerated," against the objection and without the consent of plaintiff, and in infringement and violation of plaintiff's rights attaching to said trade-mark "Listerine," and to the injury and damage of plaintiff's good will; that the use by the defendants of the name "Listerated" was for the purpose of pirating the plaintiff's trade-mark, and is in fact an infringement thereof. The petition concludes with a prayer for injunction and damages.

Defendants deny infringement, and assert that the product which they are selling is not of the same descriptive qualities as the preparation manufactured by plaintiff under the trade-mark "Listerine"; that they would have the right to advertise and sell their product under the name "Listerine" itself, if they chose, because of the difference in the descriptive qualities of the two products. They further say that there is no similarity in the mark used by them, and that the con-

tainer of the product and the product itself are not in appearance the same as, or very similar to, that of plaintiff.

Upon notice and hearing a temporary restraining order was granted. The case is now before the court on final hearing.

While considerable testimony was taken, there was little conflicting evidence. What conflicts there are between the parties arise from disbelief in the particular testimony adduced, or different inferences to be drawn therefrom. The evidence establishes without contradiction that plaintiff has spent large sums of money in advertising "Listerine"; that it has become, not only a household word, but a household necessity; that it is perhaps one of the best known and best advertised preparations on the market; and that it has been particularly advertised at great cost and expense for use for dandruff, and in connection with the treatment of the hair and scalp. It further establishes that the defendants' mark and product were originated by Walker, a barber, one of the defendants; that it is principally composed of "liquor antisepticus" a pharmaceutical preparation, the ingredients of which are very similar to—in fact, almost identical with—those of listerine.

Walker states that he used the word "Listerated," because he had seen it on a brand of chewing gum; that a druggist told him he had better put some listerine in it, or Lambert would get him; that after that he commenced to put some listerine in the product. The evidence also establishes that the first advertisements of the "Listerated" hair tonic were largely copied from advertisements put out by Lambert Company, and the evidence leaves no manner of doubt that Walker used the word "Listerated" in order to obtain, and that he has obtained, the benefit of the advertising and established reputation of listerine.

[1, 2] The defendant contends that it has a right to use the name, since it puts some listerine into the preparation. This the plaintiff denies, and I think correctly. If the defendant was doing what the name implies, putting a considerable quantity of listerine in its product, this would not save it from the charge of fraud, for it is the right to put out listerine, in such form and in such combination as it may decide, which the plaintiff enjoys through its trade-mark, and this right cannot be taken from it, no matter how

truly, as to a substantial listerine content, the mark "Listerated" would describe the preparation.

But for another reason defendants' use is enjoinable, because it is a fraud on its face to suggest that the preparation is listerated —that is, contains a substantial amount of listerine—when the ten drops added to it is a wholly unsubstantial addition. Plaintiff says that defendants' action in appropriating the word "Listerated" is just as certainly a technical trade-mark infringement, in violation of the statute, as though the word "Listerine" were used. Defendant, in its answer above quoted, seems to admit it, and I agree with plaintitff and defendant.

There is no such English word as "Listerated." Defendants have merely attempted to coin a word, "Listerineated," and then abbreviate the coinage to "Listerated," with the idea that by using, instead of the noun "Listerine," a spurious and participial form of a nonexistent verb, created by them for the emergency, they will escape technical infringement. This it cannot do, and the attempt must be fully enjoined.

In addition to the views expressed that the use of the word "Listerated" is a technical, statutory trade-mark infringement, I think the evidence amply sustains plaintiff's contention of unfair competition, and that only a blind man can fail to see that defendant has deliberately set out to pirate plaintiff's reputation and its name, to reap where it has not sown, and, like the cuckoo, to lay its eggs in the nest of another bird. With the entire field of unappropriated names open to it, it selected the name "Listerated," because it knew that the very word carried with it a suggestion of prophylactic cleanliness, and that this suggestion had been created for the word by plaintiff's advertising. Such a practice cannot be too vigorously condemned.

Plaintiff insists, and I agree with plaintiff, that defendants' tonsorial infant, conceived as it was in business sin, and brought forth in business iniquity, cannot be cleansed of its original sin by the simple device of sprinkling over each bottle of it ten drops of listerine, prophylactic and cleansing as they are, but that what is needed here is a true regeneration, with a new christening, under a new name.

Let a decree go for plaintiff for injunction in accordance with its prayer.